# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Harry Phillips,**
**Petitioner Below, Petitioner**

**v.) No. 22-722** (Fayette County 21-C-138)

**Russell Maston, Superintendent,**
**Saint Marys Correctional Center and Jail**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

The petitioner Harry Phillips appeals the order entered by the Circuit Court of Fayette County on July 15, 2022, denying and dismissing his petition for a writ of habeas corpus.[1] He contends the circuit court erred by not appointing counsel and holding an evidentiary hearing on his petition challenging certain institutional disciplinary violations he discovered while incarcerated at Mount Olive. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In July 2021, the petitioner and two other inmates got into an altercation witnessed by a correctional officer at Mount Olive. The petitioner was charged with violating an institutional policy against fighting, and a hearing was set. At the hearing, the petitioner affirmed the veracity of the correctional officer's incident report and pled guilty. The petitioner was notified of his removal from the prison's general population and placed into restrictive custody for "[a]ctions, behaviors and violations that pose a threat to the safe[,] secure operations of the facility." The petitioner filed an unsuccessful appeal of the restrictive custody determination using the prison's grievance procedure. The petitioner then filed an appeal of that denial using the prison's grievance procedure, again without success. Meanwhile, the petitioner requested and received his Disciplinary Violation report, which reveals violations acquired in 2005 and in June 2015, which he claims either did not occur at Mount Olive or are false. The petitioner believed the inclusion of these violations caused him to suffer more severe punishment than that received by the two other inmates involved in the July 2021 altercation. As a result, the petitioner filed a petition for a post-conviction writ of habeas corpus pursuant to West Virginia Code § 53-4A-1 in which he disputed

---

[1] The petitioner is a self-represented litigant, and the State appears by Attorney General Patrick Morrisey and Assistant Attorney General Jonathan M. Calhoun. Since the filing of this case, the petitioner has been transferred from Mount Olive Correctional Complex and Jail ("Mount Olive") to Saint Marys Correctional Center and Jail, where Russell Maston is the superintendent. Accordingly, the Court has made the necessary substitution of parties pursuant to Rule 41(b) of the West Virginia Rules of Appellate Procedure.

1

the institutional disciplinary violations. The circuit court found the petition was deficient and subject to dismissal because the petitioner failed to allege any facts or error regarding his conviction and/or sentence.

Our review of the circuit court's order denying habeas relief is guided by the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Petitioner filed his petition for writ of habeas corpus pursuant to West Virginia Code § 53-4A-1. West Virginia Code §§ 53-4A-1 to 53-4A-11 provide that an incarcerated convict may challenge his underlying conviction or sentence by filing a petition for a writ of habeas corpus. In that vein, the trial judge makes the initial decision whether a petition shows probable cause warranting further inquiry, and he can summarily deny unsupported claims, as was done here. *See Losh v. McKenzie*, 166 W. Va. 762, 771, 277 S.E.2d 606, 612 (1981).

Considering the above precepts and the underlying record, we agree with the circuit court's analysis "that the [p]etition, as filed, is substantively deficient, that further review is not warranted, and that the [p]etition, as filed, should be dismissed" under West Virginia Code § 53-4A-7(a), which provides that the court shall enter an order denying the relief sought if the petition and other documentary evidence show that the petitioner is entitled to no relief. Here, the petitioner altogether failed to state any facts or allegations relevant to a collateral attack upon his underlying conviction or sentence to permit further review. The petitioner's attack on his 2005 and June 2015 institutional disciplinary violations is not properly brought under West Virginia Code §§ 53-4A-1 to 53-4A-11. Accordingly, we find petitioner's assignment of error to be without merit.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 7, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice C. Haley Bunn

**DISSENTING:**

Justice William R. Wooton

Wooton, Justice, dissenting:

I respectfully dissent from the Court's resolution of this case, which is wholly premised on its conclusion that because the petitioner's petition for a writ of habeas corpus does not "state any facts or allegations relevant to a collateral attack upon his *underlying conviction or sentence*. . . . [his] attack on his 2005 and June 2015 institutional disciplinary violations is not properly brought under West Virginia Code §§ 53-4A-1 to -11." (Emphasis added).

In *Snider v. Fox*, 218 W. Va. 663, 627 S.E.2d 353 (2006), inmate Snider filed a petition for writ of habeas corpus in circuit court, challenging his conviction in an institutional disciplinary proceeding wherein he was charged with violating an administrative rule. The circuit court denied relief on the merits, and this Court affirmed, also on the merits, finding that the evidence at the disciplinary proceeding was sufficient to sustain the petitioner's conviction. There was no suggestion in *Snider* that conviction of an institutional disciplinary violation is not cognizable under §§ 53-4A-1 to -11; to the contrary, anyone reading the case would necessarily conclude that such a violation is, indeed, cognizable.

Rather than discuss, distinguish, or overrule *Snider*, the majority simply ignores the existence of the case.

Whether or not a prisoner's institutional disciplinary violation *should* be cognizable in a proceeding brought under §§ 53-4A-1 to -11, a question on which I take no position at this time, the fact is that this Court now has dueling precedents on the issue. Accordingly, I would set this case for argument on the Court's Rule 20 docket in order to resolve the issue in a signed opinion, with a syllabus point for the guidance of litigants and the Bar.

For the reasons set forth herein, I respectfully dissent.